Van Vorst, J.
The husband is bound to provide his wife with necessaries. He is under a legal duty to support his family, and he is liable for what is necessary to this end. The moral and legal obligations are here coincident. And if the wife contracts debts for necessaries for herself and her children, during coverture, the husband is obliged to pay them. His assent to the purchase is presumed.
Whether this liability arises solely out of the marital relation, and the duties and obligations which spring from it, or whether the "wife, in creating the liability, acts as Ms agent, the legal consequences to the husband are the same. He is the contracting party, and it is difficult to see how the wife can be made liable in an action against her founded on her husband’s obligation.
Yet that is sought to be done in this action. The merchandise, it is said, was delivered to the defendants, and was necessary for the support of the wife and Tier family. Clearly this was the husband’s duty to provide for. It was Ms debt, and the wife is no more liable to pay it than she would be to assume • and discharge any other obligation of her husband.
But it is claimed that the act of March 20, 1860, makes her separate estate chargeable for this debt.
This act provides that the separate property of a married woman shall not be subject to the interference or control of her husband, or liable for his debts, except such debts as may have been contracted for the support of herself or Tier children f by her, as Ms agent (Laws of 1860,157, § 1.) This act does not, in terms or by implication, disturb the legal relation of the husband to the contract' *373 for necessaries; it does not make her separate estate so chargeable, on the ground that it is the debt of the wife, but because it was contracted by her as the “‘agent of her husband,” for the support of herself or her children, This act still regards it as his debt.
It is not averred in the complaint that the provisions were necessary for the support of “her children,” or even that she has any children to be supported. The articles were necessary, as it is claimed, for the support of herself and her family. A family is “the collection of persons who live in one house and under one head or manager”
(Webst. Dict.). It by no means follows that there are children in the body, and the Word “family” certainly embraces the husband, domestics, and lodgers or boarders. The act of 1860 does not seek to charge the separate estate of the wife for the support of her husband, domestics, or boarders of the family.
It was improper, therefore, in this case, to join the wife with the husband as a contractor of the debt. She is not personally liable for its payment, nor do the facts set forth in the complaint render her separate estate chargea for the plaintiff’s claim.
But I am of the opinion that if her separate property was liable, it could not be reached in a suit of this character, in which a general judgment is demanded against both parties. Were the facts of this case such as the statute points out, the proceedings to reach the wife’s property should be special, and limited to that relief only. It should be an equitable action. • Nor do I think that in any suit or proceeding, the separate property of the wife, who acted merely as the “agent” of the husband in contracting* the debt for which he himself is primarily liable, should be taken, if the principal is able to respond. I think it would be most inequitable to allow a resort to the wife’s separate estate in the first instance. There is no allegation in the complaint that the husband, who evidently participated in the use of these provisions, is unable to pay his own debt. There is no averment that he has no property out of which the claim may be fully sat *374 isfied. It is true, there is an allegation in the complaint that the wife promised to pay this debt. When the promise was made is not stated, whether at the time the debt was contracted or subsequently ; nor does it appear how or in what form she so undertook. I do not think that such promise, if made, would create a cause of action against her, nor that she could be sued on such an undertaking simply. A married woman has no separate existence or capacity to contract generally, so as to be sued at law on her obligation, either with or without her husband. Her husband and herself are one person. The wife can not contract, or be sued at law for necessaries even, and he who trusts her relies on her honor only (Chitty on Cont., 168, 169, and cases cited ; Yale v. Dederer, 18 N. Y., 265; S. C., 22 Id., 450; Ballin v. Dillaye, 37 Id., 35). The court cannot make a personal judgment or decree against her for the payment of a debt. If the promise was made after the debt of the husband was contracted, then would prevail against it the objection that it was made to answer the obligation, default, or miscarriage of another, and, to be effective, should be in the form authorized by the statute of frauds. The claim to have this demand satisfied out of her separate property, under the act of, 1860, is not based on the obligation being of the wife’s contracting, but on the fact that it is the husband’s debt, contracted by her as his agent.'
The demurrer is well taken, both as to there being a misjoinder of causes of action, and on the ground that the complaint does not state facts sufficient to charge the separate property of the wife.
Judgment for the defendants on the demurrer.